BENJAMIN C. MIZER
Acting Assistant Attorney General
Civil Division
KATHARINE E. CLARK
Senior Litigation Counsel
Office of Immigration Litigation
JACOB A. BASHYROV
Trial Attorney
Maryland State Bar Member
Trial Attorney
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-3477
Facsimile: (202) 305-1890
E-mail: Jacob.Bashyrov@usdoj.gov

Attorneys for Respondent

NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MARK CYRIL BROWN<br><br>Petitioner,<br>vs.<br><br>ERIC H. HOLDER, JR., U.S. Attorney General,<br><br>Respondent. | **Case No.: 2:14-CV-06926-SVW-CVx**<br><br>**~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER**<br><br>**~~THE HONORABLE STEPHEN V. WILSON~~** |

IT IS HEREBY ORDERED that under the terms of this Privacy Act Protective Order, pursuant to 5 U.S.C. § 552a(b)(11), Respondent is authorized to release to counsel for Petitioner, and the Court in this case, documents containing

unredacted identifying information of Petitioner and/or third-parties whose personally identifying information ("Protected Information) is contained in files relevant to the claims at issue in this matter, without obtaining prior written consent of third parties whose names, addresses, birth dates, and other identifying information may be present in such documents. Respondent is also authorized to release to other government agencies in this case documents containing such Protected Information, without obtaining prior written consent of Petitioner and/or third parties whose names, addresses, birth dates, and other identifying information may be present in such documents. Such disclosure is subject to the following conditions:

1. The terms of this Protective Order will govern the entirety of any alien registration files, any passport files, any law enforcement and criminal court reports, any incarceration records, or any other discovery that contains Privacy Act material, as well as any copies or summaries made thereof and any information derived therefrom, including any materials that have been previously produced in discovery or will be produced through any further discovery taken in this case.

2. To the extent that any documents or records to be provided by the federal government contain third-party names, addresses, birth dates, or any other identifying information (i.e., information the use of which would allow the identification of the person to whom the information relates), such identifying information shall be deemed confidential (in the ordinary sense) and protected by this Protective Order. All such Protected Information is subject to this Protective Order and may be used solely for purposes of this litigation.

3. A party may designate documents or groups of documents containing confidential information as confidential by placing the word "COVERED BY

PROTECTIVE ORDER" or the following label (or a substantial equivalent) on them or on any copies thereof, or any cover sheets thereon:

**PROTECTED**

THIS DOCUMENT IS (OR THESE DOCUMENTS ARE) SUBJECT TO A COURT ORDER IN THE ***BROWN V. HOLDER*****, CASE NO. 14-CV-06926 (C.D. Cal.)**. THIS DOCUMENT (OR THESE DOCUMENTS) AND ITS (OR THEIR) CONTENTS SHALL NOT BE USED, SHOWN OR DISTRIBUTED EXCEPT AS PROVIDED IN THE PROTECTIVE ORDER.

4. Protected information may be disclosed only to the following persons and only to the extent necessary for the prosecution of this action:

a. Counsel for Petitioner, Petitioner, Petitioner's parents, counsel for Respondent, Respondent, and any support staff of such counsel assisting in this action;

b. Counsel for U.S. Department of Homeland Security and any support staff of the Department of Homeland Security assisting in this action;

c. Counsel for the U.S. Department of State, employees of the U.S. Department of State, and any consular or support staff of the U.S. Department of State assisting in this action;

d. The Court and its personnel, including court reporters;

e. Individuals whose testimony is contemplated or actually taken in this action, but only to the extent necessary to elicit testimony concerning the subject matter of information or records produced subject to this Protective Order;

f. Expert witnesses or consultants retained by Petitioner or Respondent;

g. The author of the document or the original source of the information; and

h. The Court of Appeals and its personnel, in the event of an appeal.

5. Upon the signing of this Order by the Court, redactions made by counsel for the parties, if any, to the documents marked “COVERED BY PROTECTIVE ORDER” will not be made for the purpose of protecting the privacy of third parties who may be identified in the discovered material.

6. All persons listed in Paragraphs 4(a)-(c) above to whom identifying information is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in 4(a)-(h) above, any confidential information, except as provided in this Protective Order.

7. All persons listed in Paragraphs 4(e) and (f) above, to whom identifying information is disclosed, shall first be required to read the terms of this Protective Order and sign a copy of the Acknowledgment of Protective Order form, attached hereto as **Exhibit A**, agreeing to be bound thereby. The signed Acknowledgment forms shall be maintained by counsel for the Petitioner or counsel for the Respondent.

8. Any filings with the Court that contain materials subject to this Order because they contain any unredacted personal identifying information shall be ~~done~~ ***submitted for filing*** under seal ***pursuant to Local Rule 79-5***, unless a release is obtained from the third-party individual to whom the materials pertain, authorizing the disclosure of such information. However, this requirement shall not be construed to prevent the disclosure of any information filed under seal in accordance with paragraph 4 of this Order.

9. Because this case may require the use of confidential information in litigation, deposition testimony shall automatically be deemed CONFIDENTIAL – COVERED BY PROTECTIVE ORDER, unless the parties stipulate otherwise or the Court rules otherwise in response to an appropriate motion.

10. ***Subject to further order of the Court presiding in such proceeding***, ~~No~~ protected documents or information shall be used at any hearing, trial or appellate proceeding in this action, unless provision ~~shall be made for exclusion of the public or unless some other reasonable provision~~ to protect confidentiality has been made. Where protected documents or information is used at a hearing, trial or appellate proceeding in this action, the party seeking to use or refer to the documents or information shall move or stipulate ***to maintain*** under seal the documents and information and the appropriate portion of the court transcript. Such designation shall be limited to those portions of the transcript the sealing of which is reasonably necessary to preserve the confidentiality of documents, as well as copies or summaries made thereof and any information derived therefrom, which are subject to the terms of this Protective Order. Reference to or use of the sealed documents or information pursuant to an order entered by the Court as described in this paragraph, shall be considered to be "pursuant to the order of the Court of competent jurisdiction, and authorized by 5 U.S.C. § 552a(b)(11)

11. Inadvertent disclosure of any document or other information during discovery in this action shall be without prejudice to any claims that such material is confidential, privileged, or otherwise protected from discovery within the meaning of Federal Rule of Civil Procedure 26, and no party to this Protective Order shall be held to have waived any rights by such inadvertent disclosure. Any document or information so produced and subject to a subsequent claim of

privilege, work product or other protection, including protection under this Protective Order, shall be returned immediately to the appropriate party, and such document or information shall not be introduced into evidence in this or any other proceeding by any person without either (i) the consent of said party, or (ii) Order of the Court; nor will such document or information be subject to production (other than in camera) in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

12. Within thirty (30) days of the final conclusion of this litigation, including any appeals, counsel for Petitioner shall collect all documents produced pursuant to this Protective Order that contain third-party identifying information, as well as any copies thereof, or any information and notes derived therefrom, and shall return such documents to counsel for Respondent pursuant to the terms of this Protective Order. Alternatively, counsel for Petitioner shall destroy said documents by shredding them and provide counsel for Respondent with verification of destruction within thirty (30) days of the final conclusion of this litigation, including any appeals.

13. Agreement to this Protective Order does not waive any rights of any party, the U.S. Department of Homeland Security, or the U.S. Department of State to assert a claim of privilege as to these or similar documents. In addition, this order will not waive the Respondent's redaction of the names of State Department employees or acceptance agents.

14. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery and further consideration of Plaintiff's claim of citizenship. Nothing herein constitutes any decision by the Court concerning the admission into evidence of any specific document designated

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER by counsel, nor does the Order constitute a waiver by either party of their right to object to the admission into evidence of any record or information subject to this Order. Nothing in this Order shall be deemed to waive objections to disclosure of documents that a party may have based on grounds other than confidentiality.

15. Nothing in this agreement shall be deemed to restrict in any manner the use by any party of its own documents or materials.

16. Nothing in this agreement shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

17. If a party believes that a document designated or sought to be designated as confidential does not warrant such designation, it shall first make a good faith effort to resolve such dispute by conferring with counsel for the opposing party. In the event that such dispute cannot be resolved by the parties, either party may bring an appropriate motion before the Court within 10 Court days of the date when the party challenging the designation notified the designating party of its concerns. All documents initially designated as confidential shall be treated as confidential in accordance with this Order until such time as the Court may rule otherwise.

18. Any party may apply to this Court at any time, upon proper notice, for a modification of this Protective Order with respect to the handling or designation of any document or for any other purpose.

//

//

IT IS SO ORDERED.

DATED: March 17, 2015

Carla M. Woehrle

HON. CARLA M. WOEHRLE
U.S. MAGISTRATE JUDGE